UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SUSIE AND MICHAEL HOLLIS, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:12-CV-394 CAS |
| ) | |
| ROADRUNNER TRANSPORTATION ) | |
| SERVICES, INC. and ALLIED PROPERTY ) | |
| AND CASUALTY INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This removed matter is before the Court on review of the file following transfer to the undersigned. For the following reasons, the Court will vacate the Order issued May 8, 2012, and will grant defendant Roadrunner Transportation Services, Inc.'s motion to remand to state court, which was filed with the consent of plaintiffs.

**Background**

On January 11, 2012, plaintiffs filed this personal injury action in the Circuit Court for the City of St. Louis, Missouri. The action is brought in three counts: property damage (Count I), bodily injury claim (Count II), and uninsured motorist bodily injury claim (Count III). For damages, plaintiffs seek $8,568.79 for their property damage. As to their bodily injury claims, plaintiffs seek damages in "an amount in excess of the minimal jurisdiction[al] [amount] of $25,000.00." Pet. at 3 and 4.

On March 5, 2012, defendant Roadrunner Transportation Services, Inc. ("Roadrunner") removed the action to this Court. In its notice of removal, Roadrunner states that this Court has

jurisdiction under 28 U.S.C. § 1332 because plaintiff and defendants are citizens of different states and the amount in controversy exceeds $75,000.00. Defendant Allied Property and Casualty Insurance Company ("Allied") did not join in the Notice of Removal. Based on the state court file, it appears that defendant Allied had not been served at the time of removal. No proof of service on Allied has been filed following removal.

On March 28, 2012, less than a month after it had removed the action to this Court, defendant Roadrunner filed a motion to remand. In the motion, Roadrunner states that the parties have conferred and entered into a stipulation that the damages in this case would not exceed $75,000.00. The parties "jointly request this Court to enter an Order remanding this case to the Circuit Court of the City of St. Louis, Missouri for further proceedings." Mot. to Remand at 2.

**Discussion**

As a threshold issue, the Court must determine whether plaintiffs' post-removal stipulation as to the amount in controversy can defeat subject matter jurisdiction. The Supreme Court held in St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283 (1938), that a plaintiff may prevent removal by committing to accept less than the federal jurisdictional amount. After a case has been removed to federal court, however, it is too late for the plaintiff to foreclose federal jurisdiction by agreeing to collect less than the jurisdictional amount. Id. at 292-93. The rule from St. Paul Mercury has "consistently been applied to cases in which the petition at the time of the removal expressly stated a claim in excess of the jurisdictional amount, and therefore, removal jurisdiction had already attached." Halsne v. Liberty Mut. Group, 40 F. Supp. 2d 1087, 1090 (N.D. Iowa 1999).

Plaintiffs' petition in this case, in contrast, does not expressly state a claim in excess of the jurisdictional amount. Where state law prohibits plaintiffs from specifying damages in their state

court complaints, this Court and others in the Eighth Circuit have considered a post-removal stipulation to determine whether jurisdiction has attached, as long as the stipulation can be considered as clarifying rather than amending an original pleading. See Berry v. Renaissance Hotel Mgmt., LLC, 2011 WL 1379860, at *2 (E.D. Mo. Apr. 12, 2011); Salinas v. USAA Casualty Ins. Co., No. 4:10-CV-1103 DJS (E.D. Mo. July 27, 2010); McGuire v. J.B. Hunt Transport, Inc., No. 4:10-CV-746 MLM (E.D. Mo. June 10, 2010); Dyrda v. Wal-Mart Stores, Inc., 41 F. Supp. 2d 943, 949 (D. Minn. 1999); Halsne, 40 F. Supp. 2d at 1092.

Missouri Rules of Civil Procedure 55.05 and 55.19 prohibit the pleading of a specific amount in controversy in tort cases. In the instant case, plaintiffs' petition asserts tort claims against the defendants for bodily injury arising out of negligence. The petition prays for "damages that are fair and reasonable . . . [in] an amount in excess of the minimum jurisdiction[al] [amount] of $25,000.00." Under these circumstances, the Court finds that plaintiffs' stipulation does not seek to amend their petition, but rather clarify its demands. As such, plaintiffs' post-removal stipulation as to the amount in controversy can be considered to decide whether jurisdiction has attached.

Initially, the Court denied the motion to remand without prejudice, stating that defendant Allied had not been served and had not consented to removal. See Order dated May 8, 2012 (Doc. 8). The undersigned does not find that this presumed defect in removal procedure would prohibit remanding this case to state court.[1] Defendant Roadrunner removed this case to federal court, and defendant Roadrunner, with plaintiffs' consent, seeks remand to state court. The parties have

---

[1] Ordinarily, all defendants must join in a notice of removal or the case will be remanded. Marano Enterprises of Kansas v. Z-Teca Restaurants, L.P., 254 F.3d 753, 754 n.2 (8th Cir. 2001). Unserved defendants need not join in the notice of removal. 16 James Wm. Moore, et al., Moore's Federal Practice, § 107.11[1][d] (3d ed. 2012).

stipulated that the amount in controversy is less than the jurisdictional amount of $75,000.00, and this stipulation can be considered by the Court. The Court finds that subject matter jurisdiction has not attached, and therefore the Court will grant defendant Roadrunner's motion to remand.

Accordingly,

**IT IS HEREBY ORDERED** that the Court's Order dated May 8, 2012 is **vacated**. [Doc. 8]

**IT IS FURTHER ORDERED** that defendant Roadrunner Transportation Services, Inc.'s motion to remand is **GRANTED**. [Doc. 7]

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court of the City of St. Louis, Missouri under 28 U.S.C. § 1447(c).

An appropriate Order of Remand will accompany this Order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 5th day of September, 2012.